UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA<br>CDCR #J-48500,<br><br>       Plaintiff,<br><br>vs.<br><br>U.S. DISTRICT COURT – SAN DIEGO<br>AND JOHN DOES 1-1000,<br><br>       Defendants. | Case No.: 24cv1982-WQH (DDL)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS, DENYING MOTION FOR RELIEF, AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(g) AND AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A(b)(1)-(2)** |

  Plaintiff Steve Wayne Bonilla, currently incarcerated at the California Medical Facility in Vacaville, California, and proceeding *pro se*, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983, two motions to proceed *in forma pauperis* ("IFP"), and a Motion for relief due to discrimination. (ECF Nos. 1–2, 4–5.)[1] Plaintiff is

---

[1] Plaintiff has also filed documents entitled: (1) "Judicial Notice" (ECF No. 6) and (2) "Disqualification of Judges; Conflict of Interest" (ECF No. 7). The Judicial Notice document appears to discuss a claim of "malicious prosecution" in state court. The Disqualification Document asserts, "Judge William Q. Hayes and Judge David D. Leshner are disqualified to rule due to conflict of interest. They have admitted to participating in criminal acts against me; and have admitted to owing me for the damages…"

a serial litigant and in this action, he once again complains this Court erred in failing to invalidate his Alameda County criminal judgment and death sentence.[2] (Compl. at 2-3.)

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

"A negative consequence that may impact a prisoner who files a frivolous complaint is a restriction on his ability to file future cases without prepaying filing fees." *Harris v. Mangum*, 863, F.3d 1133, 1139 (9th Cir. 2017). Under § 1915(g), a prisoner with three or more "strikes," *i.e.,* prior civil cases or appeals dismissed as frivolous, malicious, or for failing to state a claim, "cannot proceed IFP" absent allegations of "imminent danger of serious physical injury." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005); 28 U.S.C. § 1915(g). Bonilla is one of those prisoners, and he makes no plausible allegations

---

(ECF No. 7 at 1.) The Court liberally construes these filings to be a motion for recusal (ECF No. 7) and Plaintiff's evidence accompanying the motion (ECF No. 6). "The standard for recusal under 28 U.S.C. §§ 144, 455 is whether a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). "While a judge's consideration of a motion for recusal must take all facts provided as true for the purpose of ruling on their legal sufficiency, the court need not accept conclusory speculations that lack any factual support." *United States v. Bell*, 79 F. Supp. 2d 1169, 1173 (E.D. Cal. 1999). Plaintiff has not presented any evidence of judicial bias other than conclusory statements which lack any factual support. The Court finds that recusal is not warranted.

[2] Plaintiff recently had a similar civil rights complaint in this Court dismissed as frivolous which also alleged this Court failed to declare his Alameda County conviction and sentence invalid. *See Bonilla v. Schopler, et al.*, So.Dist.Cal. Civil Case No. 24cv0205-JAH (DDL) (Order filed 2/26/24 [ECF No. 2].)

of imminent danger here. *See In re Steven Bonilla*, 2012 WL 216401, at *1 (N.D. Cal. Jan. 24, 2012) (noting Plaintiff's litigation history in the Northern District of California, including the dismissal of 34 pro se § 1983 civil rights actions between June 1 and October 31, 2011, alone, which were dismissed "because the allegations in the complaints do not state a claim for relief under § 1983."); *id.* at *3 n.1 ("The Court recently informed Plaintiff that, in accordance with 28 U.S.C. § 1915(g), he no longer qualifies to proceed *in forma pauperis* in any civil rights action.")

## II.     Initial Screening per 28 U.S.C. § 1915A(b)

Even if Bonilla paid the full filing fee or is eligible to proceed IFP, 28 U.S.C. § 1915A, also enacted as part of the PLRA, requires *sua sponte* dismissal of prisoner complaints like his, or any portions of them, which are frivolous, malicious or fail to state a claim upon which relief may be granted, and those that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2); *Coleman v. Tollefson*, 575 U.S. 532, 538-39 (2015). "The purpose of § 1915A is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding." *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (internal quote marks omitted).

Bonilla's challenge to the validity of his conviction and sentence fails to state a claim in this action because a habeas corpus action is his sole federal remedy, and a lawsuit under 42 U.S.C. § 1983 is inappropriate. *See Preiser v. Rodriguez*, 411 U.S. 475, 479 (1973) ("Release from penal custody is not an available remedy under the Civil Rights Act"); *Nettles v. Grounds*, 830 F.3d 922, 933 (9th Cir. 2016) (en banc) ("[H]abeas corpus is the exclusive remedy to attack the legality of [a] conviction or sentence, . . . ")

## III.     Conclusion and Order

The Court: (1) **DENIES** Plaintiff's Motions to proceed IFP [ECF No. 2 & 5] as barred by 28 U.S.C. § 1915(g), (2) **DISMISSES** Plaintiff's Complaint as frivolous pursuant to 28 U.S.C. § 1915A(b)(1)-(2); (3) **DENIES** Plaintiff's Motion for relief [ECF No. 4] as moot; (4) **CERTIFIES** that an IFP appeal in this case would not be taken in good

1 | faith pursuant to 28 U.S.C. § 1915(a)(3); and (5) **DIRECTS** the Clerk of the Court to close
2 | the file.
3 |     **IT IS SO ORDERED.**

5 | Dated: 11/14/2024      _____
6 |                 Hon. William Q. Hayes
                     United States District Judge